UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DANIEL ERIC COBBLE,          )
                             )
           Plaintiff,        )
                             )
    v.                       )    Civil Action No. 13-1891
                             )
JACK POTTER,                 )
                             )
           Defendant.        )

## MEMORANDUM OPINION

This matter is before the Court on consideration of the plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The application will be granted, and the complaint will be dismissed.

Plaintiff alleges that he has sent "over 100 pieces of . . . mail" to this Court in August 2013 regarding a lawsuit he intended to file against the Postmaster General, yet, he claims, none of these items reached their destination. *See* Compl. at 5 (page number designated by the Court). He further alleges that he has been denied access to the Courts in violation of his First and Fourteenth Amendment rights. *See id.* Among other relief, plaintiff demands that the Court locate the items he mailed here, file these lawsuits, grant all the relief he sought, which apparently included reduction of his criminal sentence to time served, and payment of compensatory and punitive damages in Swiss francs. *Id.*

The Court finds that plaintiff fails to state a viable claim against the Postmaster General. Insofar as he demands monetary compensation for the apparent loss of his mail or the alleged violation of a constitutional right, the Federal Tort Claims Act excludes not only claims "arising

4

out of the loss, miscarriage, or negligent transmission of letters or postal matter," 28 U.S.C. § 2680(b), but also constitutional claims, *see FDIC v. Meyer*, 510 U.S. 471, 478 (1994). Nor can the Court grant the other relief plaintiff demands. This complaint does not describe the nature of or parties to the lawsuits he intended to file, and the Court has no way to determine whether plaintiff has stated cognizable claims, or to identify the defendants to those suits, or to determine whether plaintiff is entitled to any relief at all. Finally, as plaintiff is a Georgia prisoner who currently is incarcerated there, this Court has no authority to reduce his criminal sentence or otherwise effect his immediate release from custody. *See Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004) ("[A] district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction.").

Accordingly, the Court will dismiss the complaint. An Order consistent with this Memorandum Opinion is issued separately.

DATE: Nov. 21, 2013

_____
United States District Judge